# Exhibit 1

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

## CASE NO. 6:21-cv-00896-RBD-EJK

ROSE MARIE CELESTIN, as
Next of Kin and Personal
Representative of the Estate of JEAN
SAMUEL CELESTIN, deceased,

    Plaintiff,

vs.

CITY OF OCOEE, Officer JOSHUA BODE,
individually, Officer CHRISTOPHER BONNER,
individually, Officer DOMINIC
CHIUCHIARELLI, individually, Officer
BRIAN HARRIS, individually, TOWN OF
WINDERMERE, and Officer GRIFFIN
HEBEL, individually,

    Defendants.
_____/

## **DEFENDANT CITY OF OCOEE'S FIRST REQUEST TO PRODUCE TO PLAINTIFF**

Defendant City of Ocoee, by and through undersigned counsel and pursuant to Rule 34(a), Federal Rules of Civil Procedure, hereby serves its First Request to Produce to Plaintiff Rose Marie Celestin, as Next of Kin and Personal Representative of the Estate of Jean Samuel Celestin, requesting inspection and/or copying of the following items in Plaintiff's possession, custody, or control within 30 days:

1. The Petition for Administration pertaining to the Estate of Jean Samuel Celestin, deceased.

2. The inventory of the assets of the Estate of Jean Samuel Celestin, deceased.

3. Any and all pleadings, petitions, inventories, ratings, or other documents prepared in conjunction with the administration of the Estate of Jean Samuel Celestin, deceased.

1

4. The complete autopsy report of the deceased, Jean Samuel Celestin, including but not limited to photographs, blood analysis, chemical analysis, and any other documents contained in the complete autopsy report.

5. Any and all medical reports, opinions or other written memoranda from doctors, nurses, other medical practitioners, or expert witnesses containing information regarding any and all care and treatment rendered to the decedent, Jean Samuel Celestin, during the 10 years prior to his death.

6. Any and all hospital records concerning any and all hospitalizations of the deceased, Jean Samuel Celestin, during the five (5) years prior to his death.

7. Any and all records concerning the psychiatric hospitalization of the deceased, Jean Samuel Celestin, from January 1, 2013, through April 11, 2019.

8. Any and all documents, receipts, checks, or invoices reflecting the total amount of all collateral source benefits paid to or on behalf of the Estate of Jean Samuel Celestin, and/or his survivors, as a result of the April 11, 2019 incident which is the subject matter of this litigation. For purposes of this request, "collateral sources" means any payments made by or pursuant to:

    a) the United States Social Security Act;

    b) any federal, state, or local income disability act, or other public programs providing medical expenses, disability payments, or other similar benefits;

    c) any health, sickness, or disability insurance, automobile accident insurance that provides health benefits or income disability coverage, and any other similar insurance benefits except life insurance benefits available to Plaintiff, whether purchased by decedent or provided by others;

d) any contract or agreements of any group, organization, partnership, or corporation, to provide, pay for, or reimburse the cost of hospital, medical including mental health, dental, or other health care services; and

e) any contractual or voluntary wage continuation plan provided by employers or any other system intended to provide wages during a period of disability.

9. Any and all photographs of the scene of the April 11, 2019 incident which is the subject matter of this litigation.

10. Any and all photographs or videotapes of the scene of the April 11, 2019 incident and/or the events leading up to the incident which is the subject matter of this lawsuit.

11. Any and all photographs of the decedent, Jean Samuel Celestin that Plaintiff intends to use as evidence at the trial of this cause.

12. Any and all social media postings regarding the death of the decedent, Jean Samuel Celestin.

13. Any and all social media postings regarding the incident which is the subject matter of this litigation.

14. Any and all reports, opinions, or other written memoranda from any and all psychiatrists, psychologists, psychiatric social workers, psychiatric nurses, or mental health counselors reflecting any and all care, evaluation, and treatment rendered to the deceased, Jean Samuel Celestin, in the five (5) years prior to his death.

15. Any and all policies of life insurance which provided coverage for the decedent, Jean Samuel Celestin, on the date of his death.

16. Federal Estate Tax returns for the Estate of Jean Samuel Celestin, deceased.

17. Federal income tax returns of Jean Samuel Celestin for the years 2013 through 2019, together with all W-2 forms, 1099 forms, schedules, attachments, and addenda.

18. Any and all ledger sheets reflecting weekly, monthly, or annual income which Jean Samuel Celestin received from self-employment from January 1, 2014, through April 11, 2019.

19. Any and all records reflecting any and all medication prescribed to Jean Samuel Celestin from January 1, 2015, to the date of his death.

20. Any and all statements of Defendant City of Ocoee, its officers, agents, servants, or employees, in the care, custody, possession, or control of Plaintiff.

21. Any and all statements of Defendant Town of Windemere its officers, agents, servants, or employees, in the care, custody, possession, or control of Plaintiff.

22. Any and all statements of Defendant Joshua Bode in the care, custody, possession, or control of Plaintiff.

23. Any and all statements of Defendant Christopher Bonner in the care, custody, possession, or control of Plaintiff.

24. Any and all statements of Defendant Dominic Chiuchiarelli in the care, custody, possession, or control of Plaintiff.

25. Any and all statements of Defendant Brian Harris in the care, custody, possession, or control of Plaintiff.

26. Any and all statements of Defendant Griffin Hebel in the care, custody, possession, or control of Plaintiff.

27. Any and all funeral bills, paid or owing, arising out of the death of Jean Samuel Celestin.

28. A copy of Jean Samuel Celestin's birth certificate.

29. Copies of the high school diploma, college or junior college diploma, and/or any other certificates or diplomas from business schools, trade schools, or other educational institution awarded to the decedent, Jean Samuel Celestin.

30. Any other bills, statements and/or estimates directed to the Estate of Jean Samuel Celestin which Plaintiff claims to be related to and caused by the incident described in the Amended Complaint.

31. The original guestbook from the funeral service for Jean Samuel Celestin.

32. Any and all applications for Social Security Death Benefits submitted to the Social Security Administration following the death of Jean Samuel Celestin.

33. Any and all Determinations of Social Security Death Benefits issued by the Social Security Administration in response to an application for Social Security death benefits submitted as a result of the death of Jean Samuel Celestin.

34. Any and all documents, receipts, checks, or invoices reflecting the total amount of all Social Security Death Benefits paid to the Estate of Jean Samuel Celestin, deceased and/or his survivors as a result of the death of Jean Samuel Celestin.

35. Any and all applications for Social Security Survivor Benefits submitted to the Social Security Administration following the death of Jean Samuel Celestin.

36. Any and all Determinations of Social Security Survivor Benefits issued by the Social Security Administration in response to an application for Social Security death benefits submitted as a result of the death of Jean Samuel Celestin.

37. Any and all documents, receipts, checks, or invoices reflecting the total amount of all Social Security Survivor Benefits paid to the Estate of Jean Samuel Celestin, deceased and/or

his survivors as a result of the death of Jean Samuel Celestin.

38. The 1995 bulletin from the United States Department of Justice regarding "maximally prone restraint techniques", as referenced in paragraphs 122 and 123 of Plaintiff's Amended Complaint.

39. Any and all documents evidencing or regarding "a pattern of past incidents similar to Mr. Celestin's fatal encounter on April 11, 2019," regarding the City of Ocoee as referenced in paragraph 190 of Plaintiff's Amended Complaint.

40. Any and all documents evidencing or regarding "a pattern of past incidents similar to Mr. Celestin's fatal encounter on April 11, 2019," regarding the Town of Windemere as referenced in paragraph 190 of Plaintiff's Amended Complaint.

41. Any and all documents in support of or evidencing Plaintiff's allegation that the City of Ocoee "was aware that [its] existing policies and practices made it substantially likely that disabled individuals would be denied their federally protected rights under the Americans with Disabilities Act in the course of encounters with" police, as referenced in paragraph 198 of Plaintiff's Amended Complaint.

42. Any and all documents in support of or evidencing Plaintiff's allegation that the Town of Windemere "was aware that [its] existing policies and practices made it substantially likely that disabled individuals would be denied their federally protected rights under the Americans with Disabilities Act in the course of encounters with" police, as referenced in paragraph 198 of Plaintiff's Amended Complaint.

43. Any and all public records requests submitted to the City of Ocoee by or on behalf of Plaintiff.

44. Any and all documents provided in response to any and all public records requests

submitted to the City of Ocoee buyer on behalf of Plaintiff.

45. Any and all public records requests submitted to the Town of Windemere by on behalf of Plaintiff.

46. Any and all documents provided in response to any and all public records requests submitted to the Town of Windemere by or on behalf of Plaintiff.

It is requested that the aforesaid production be made within 30 days at the offices of Dean, Ringers, Morgan & Lawton, P.A., Capital Plaza I, Suite 1200, 201 E. Pine Street, Orlando, FL 32801. Alternatively, production can be made by mailing true, correct, complete, and legible copies of the requested items to PO Box 2928, Orlando, FL 32802 – 2928.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 30, 2021, a true and correct copy of the foregoing was furnished via electronic mail to all counsel of record.

    */s/ Gail C. Bradford*
    GAIL C. BRADFORD, ESQ.
    Florida Bar No. 0295980
    Dean, Ringers, Morgan & Lawton, P.A.
    Post Office Box 2928
    Orlando, Florida 32802-2928
    Tel: 407-422-4310   Fax: 407-648-0233
    GBradford@drml-law.com
    Attorneys for Defendant City of Ocoee