# Exhibit 3

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROSE MARIE CELESTIN, as Next of Kin and Proposed Personal Representative of the Estate of JEAN SAMUEL CELESTIN, deceased,

    Plaintiff,

v.

CITY OF OCOEE, OFFICER JOSHUA BODE, OFFICER CHRISTOPHER BONNER, OFFICER DOMINIC CHIUCHIARELLI, OFFICER BRIAN HARRIS, TOWN OF WINDERMERE, AND OFFICER GRIFFIN HEBEL,

    Defendants.
_____/

Case No. 6:21-cv-896-RBD-EJK

## **DEFENDANT TOWN OF WINDERMERE'S NOTICE OF SERVICE OF FIRST SET OF INTERROGATORIES TO PLAINTIFF**

Defendant, TOWN OF WINDERMERE, pursuant to Rule 33 of the Federal Rules of Civil Procedure, hereby directs Plaintiff, ROSE MARIE CELESTIN, as Personal Representative of the Estate of Jean Samuel Celestin ("Plaintiff"), to answer the following interrogatories, separately and fully, in writing, and under oath, within thirty (30) days from the date of service thereof.

With respect to any of the following interrogatories as to which Plaintiff, after answering, acquires additional knowledge or information, Plaintiff shall serve on the

1

undersigned further answers to such interrogatories as soon as practicable after acquiring the additional knowledge or information.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of August, 2021, I served the foregoing document via e-mail upon:

Jeremy K. Markman, Esquire
King & Markman, P.A.
941 Lake Baldwin Lane, Suite 101
Orlando, FL   32814
Telephone:  407-447-0848
markman@kingmarkman.com
ldancel@kingmarkman.com
Attorneys for Plaintiff

Andrew G. Celli, Jr., Esquire
Jonathan S. Abady, Esquire
Earl S. Ward, Esquire
Andrew K. Jondahl, Esquire
Emery Celli Brinckerhoff Abady Ward & Maazel, LLP
600 Fifth Avenue, 10th Floor
New York, New York 10020
Telephone:  212-763-5000
acelli@ecbawm.com
jabady@ecbawm.com
eward@ecbawm.com
ajondahl@ecbawm.com
dedwards@ecbawm.com
docketing@ecbawm.com
Attorneys for Plaintiff

Gail C. Bradford, Esquire
Dean, Ringers, Morgan & Lawton, P.A.
Post Office Box 2928
Orlando, FL   32802-2928
Telephone:  407-422-4310
gbradford@drml-law.com
gcbservice@drml-law.com
Attorneys for City of Ocoee

Benjamin L. Bedard, Esquire
Roberts, Reynolds, Bedard & Tuzzio, PLLC
470 Columbia Drive, Bldg. C101
West Palm Beach, FL 33409
Telephone: 561-688-6560
bbedard@rrbpa.com
adujon@rrbpa.com
kmonaco@rrbpa.com
lbedard@rrbpa.com
lsmith@rrbpa.com
service_blb@rrbpa.com
skaufer@rrbpa.com
Attorneys for Joshua Bode, Christopher Bonner,
Dominic Chiuchiarelli and Brian Harris

*/s/ Frank Mari*
Frank M. Mari
Florida Bar No. 93243
Primary: fmari@bellroperlaw.com
Secondary: ihaines@bellroperlaw.com
Bell & Roper, P.A.
2707 E. Jefferson Street
Orlando, FL 32803
Telephone: (407) 897-5150
Facsimile: (407) 897-3332
Attorney for Defendants Town of
Windermere and Officer Griffin Hebel

# FIRST SET OF INTERROGATORIES TO PLAINTIFF

1. Please state the full name, business address, and business telephone number of each of your employers from July 1, 2011 to present, stating the dates of employment, the length of employment, the jobs performed by you for each such employer, compensation received from each such employer, whether or not you were the subject of any disciplinary proceedings from each such employer, and the reason or reasons for any termination of employment for each such employer.

ANSWER:

2. If you have had any accidents, illnesses, or diseases or disabilities from July 1, 2011 to present, state the nature of each accident, illness, disease, or disability, when and where each was sustained or suffered, and if any accident, illness, or injury had any permanent effect on the you, state which accident, illness, injury, or disability had such permanent effect, describing how each was manifested.

ANSWER:

3. Please state the names, business addresses, and business telephone numbers of each and every health care provider, including mental health care, who provided care, treatment, or evaluation to you within the past 10 years, including but not limited to, the name and address of your primary care physician(s).

ANSWER:

4. Describe the names and quantity of each type of drug, tranquilizer, sedative, or other medication taken or used by you during the last ten years, specifying the frequency of use and the purpose of use.

ANSWER:

5. Describe in detail each instance in which Jean Samuel Celestin was sought to be admitted, examined, or detained pursuant to the Baker Act and/or Marchman Act and for each such instance, state the date; name of each individual involved; name of each law enforcement agency involved; name each healthcare provider involved; circumstances for seeking admission, examination, or detention; the case number and forum of each associated judicial proceeding; and names of all individuals involved in seeking admission, examination, or detention.

ANSWER:

6. Did Jean Samuel Celestin consume any alcohol or take any drugs or medications (including prescription and over-the-counter medications) within 24 hours before the alleged incident described in your complaint? If so, state the type, amount, and timing of consumption of alcohol and each drug and medication.

ANSWER:

7. State the date of each arrest and detention of Jean Samuel Celestin and for each arrest and detention, state the names of each individual involved, the names of each law enforcement agency involved; the offense(s) for which he was arrested or detained; the case number and forum of each associated judicial proceeding; and all details of the sentence imposed.

ANSWER:

8. Have you ever been convicted of a crime, other than any juvenile adjudication, which under the law under which you were convicted was punishable by death or imprisonment in excess of one year, or that involved dishonesty or a false statement regardless of the punishment? If so, state as to each conviction the specific crime and the date and place of conviction.

ANSWER:

9. Describe in detail all facts and evidence known to you to support your allegation that a hobble restraint "is a controversial restraint known to cause death by positional asphyxia." (Doc. 1-1 ¶ 120).

ANSWER:

10. Describe in detail all facts and evidence known to you to support your allegation that the Town of Windermere "was aware that their existing policies and practices made it substantially likely that individuals placed in hobble restraints, individuals subjected to taser devices, and individuals suffering from mental health crisis would be denied their federally protected rights under the Fourth and Fourteenth Amendments in the course of encounters with . . . [Windermere Police Department], and acted with deliberate indifference in failing to act to prevent or mitigate the denial of those rights." (Doc. 1-1 ¶ 188).

ANSWER:

11. Describe in detail all facts and evidence known to you to support your allegation that a "pattern of past uses of excessive force by . . . [Windermere Police Department] officers" (Doc. 101 ¶ 189) exists.

ANSWER:

12. Describe in detail all facts and evidence known to you to support your allegation that the Town of Windermere's policies and practices concerning Windermere Police Department encounters with individuals suffering from mental health crises were inadequate (Doc. 1-1 ¶ 190).

ANSWER:

13. Describe in detail all facts and evidence known to you regarding the alleged "pattern of past incidents similar to Mr. Celestin's fatal encounter on April 11, 2019." (Doc. 1-1 ¶ 190).

ANSWER:

14. Describe in detail all facts that support your allegation that the Town of Windermere was negligent with respect to supervision, hiring, appropriate background and referral checks, retention, and dismissal of employees, agents, consultants, and independent contractors, in a manner that allegedly caused or contributed to the death of Jean Samuel Celestin. (Doc. 1-1 ¶ 218).

ANSWER:

15. Describe in detail all facts and circumstances supporting your contention that the Town of Windermere is liable to you with respect to its supposed use or non-use of Crisis Intervention Teams, including without limitation use or non-use of a Crisis Intervention Team during the incident described in your complaint.

ANSWER:

# VERIFICATION

                                                                                         _____
ROSE MARIE CELESTIN, as Personal Representative of the Estate of Jean Samuel Celestin

STATE OF FLORIDA

COUNTY OF _____

      The foregoing interrogatory answers were sworn to, and this affidavit subscribed before, me this on this \_\_\_\_\_ day of _____, 2021, by ROSE MARIE CELESTIN, as Personal Representative of the Estate of Jean Samuel Celestin, who (check one): [\_\_\_] is personally known to me or [\_\_\_] produced _____ as identification.

                                                                                                            _____
                                                                                                             Notary Public

My Commission Expires:

[NOTARY SEAL]