# Exhibit 4

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ROSE MARIE CELESTIN, as
Next of Kin and Personal
Representative of the Estate of JEAN
SAMUEL CELESTIN, deceased,        CASE NO:  6:21-cv-00896-RBD-EJK

        Plaintiff,

vs.

CITY OF OCOEE, Officer JOSHUA BODE,
individually, Officer CHRISTOPHER BONNER,
individually, Officer DOMINIC
CHIUCHIARELLI, individually, Officer
BRIAN HARRIS, individually, TOWN OF
WINDERMERE, and Officer GRIFFIN
HEBEL, individually,

        Defendants.

_____/

## NOTICE OF PRODUCTION FROM NON-PARTY

**YOU ARE HEREBY NOTIFIED** that fourteen (14) days from the date of service of

this notice, the undersigned will issue Subpoenas directed to the Records Custodians for the

following entities, who are not parties, to produce the items listed in the proposed Subpoenas,

which have been provided to counsel, at the time and place specified therein:

    1.     City of Ocoee Fire Rescue
           Attn: Records Custodian
           563 S. Bluford Ave.
           Ocoee, FL 34761

    2.     Orange County Sheriff
           Attn: Records Custodian
           P. O. Box 1440
           Orlando, FL 32802

    3.     Aspire Health Partners, Inc.

Attn: Records Custodian
5151 Adanson St., Suite 200
Orlando, FL 32804

4.      Health Central Hospital
Attn: Medical Records Custodian
10000 W. Colonial Dr.
Ocoee, FL 34761

5.      Health Central Hospital
Attn: Billing Records Custodian
10000 W. Colonial Dr.
Ocoee, FL 34761

6.      Health Central Hospital
Attn: Radiology Records Custodian
10000 W. Colonial Dr.
Ocoee, FL 34761

7.      Florida Department of Children and Families
Attn: Records Custodian
400 W. Robinson St., Suite 1129
Orlando, FL 32801

**I HEREBY CERTIFY** that, on September 7, 2021, the foregoing was served upon Jeremy Markman, Esq., King and Markman, P.A., 941 Lake Baldwin Lane, Suite 101, Orlando, FL 32814 (markman@kingmarkman.com; ldancel@kingmarkman.com); Jonathan S. Abady, Esq.; Andrew G. Celli, Jr., Esq.; Andrew K. Jondahll, Esq.; and Earl S. Ward, Esq., of Emery Celli Brinckerhoff Abady Ward & Maazel, LLP, 600 Fifth Ave., 10th Floor, New York, NY 10020 (jabady@ecbawm.com; ajondahl@ecbawm.com; acelli@ecbawm.com; eward@ecbawm.com); Benjamin L. Bedard, Esq., Roberts, Reynolds, Bedard & Tuzzio, PLLC, 470 Columbia Drive Suite C101, West Palm Beach, FL 33409 (bbedard@RRBPA.com; twallen@RRBPA.com; lsmith@RRBPA.com); and Frank M. Mari, Esq., Bell & Roper, P.A.,

2707 E. Jefferson Street, Orlando, FL 32803 (fmari@bellroperlaw.com; lhaines@bellroperlaw.com).

_____/s/ Gail C. Bradford_____
GAIL C. BRADFORD, ESQ.
Florida Bar No. 0295980
Dean, Ringers, Morgan & Lawton, P.A.
Post Office Box 2928
Orlando, Florida 32802-2928
Tel: 407-422-4310    Fax: 407-648-0233
GBradford@drml-law.com;
GCBservice@drml-law.com
Attorneys for Defendant, City of Ocoee

# United States District Court
## for the Middle District of Florida
## Orlando Division

ROSE MARIE CELESTIN, as
Next of Kin and Personal
Representative of the Estate of JEAN
SAMUEL CELESTIN, deceased     Civil Action Number: 6:21-cv-00896-RBD-EJK

vs.

CITY OF OCOEE, et al.

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     City of Ocoee Fire Rescue
       Attn: Records Custodian
       563 S. Bluford Ave.
       Ocoee, FL 34761

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

> **Any and all records of any nature or kind**, including, but not limited to, the items more fully described on the attached Exhibit A, for any and all times, from the inception of your records to the present.

**YOU MUST PRODUCE <u>EACH AND EVERY</u> PIECE OF PAPER CONTAINED IN YOUR RECORDS REGARDING THE INDIVIDUAL REFERENCED, WHETHER PREPARED BY YOU OR NOT, <u>INCLUDING</u> LETTERS OR RECORDS SENT TO YOU FROM ANOTHER SOURCE. THIS IS TO INCLUDE INITIAL PAPERWORK OR INTAKE QUESTIONNAIRES COMPLETED BY THE REFERENCED INDIVIDUAL, TELEPHONE MESSAGES, LETTERS FROM ATTORNEYS, LETTERS FROM THE REFERENCED INDIVIDUAL, BILLING LEDGERS, ETC. <u>LEAVE NOTHING OUT FOR ANY REASON.</u>**

| Place: Dean, Ringers, Morgan & Lawton, P.A.<br>      P.O. Box 2928<br>      Orlando, FL 32802 | Date and Time: 10/01/2021 @ 10:00 am |
|---|---|

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena, and Rule 45 (3) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

       *CLERK OF COURT*

                          OR

  _____            _____
    *Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing City of Ocoee, who issues or requests this subpoena, is

           GAIL C. BRADFORD, ESQ.
           Florida Bar No. 0295980
           Dean, Ringers, Morgan & Lawton, P.A.
           P.O. Box 2928, Orlando, FL 32802-2928
           Tel: 407-422-4310; Fax: 407-648-0233
           GBradford@drml-law.com; GCBservice@drml-law.com

**Notice to the person who issues or requests this subpoena**

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## EXHIBIT A

## FIRE/EMERGENCY MEDICAL SERVICES RECORDS

1. Any and all records, including but not limited to, reports, examinations, doctors' notes, diagrams, correspondence, telephone messages, memoranda and all documents received or reviewed by the City of Ocoee Fire Rescue Department relating to Jean Samuel Celestin (DOB: ████/1985).

2. Any and all records, including but not limited to, reports, examinations, doctors' notes, diagrams, correspondence, telephone messages, memoranda and all documents received or reviewed by the City of Ocoee Fire Rescue Department relating to Rose Marie Anite Celestin (DOB: ████ 1953).

3. Any and all records, including but not limited to, reports, examinations, doctors' notes, diagrams, correspondence, telephone messages, memoranda and all documents received or reviewed by the City of Ocoee Fire Rescue Department relating to Joanne Celestin Grace (DOB: ████/1981).

4. Any and all documents of any nature whatsoever in your possession regarding Jean Samuel Celestin.

5. Any and all documents of any nature whatsoever in your possession regarding Rose Marie Anite Celestin.

6. Any and all documents of any nature whatsoever in your possession regarding Joanne Celestin Grace.

7. Any and all documents of any nature whatsoever in your possession regarding April 11, 2019 Ocoee Fire Department incident number 1901716.

8. Any and all documents of any nature whatsoever in your possession regarding April 11, 2019 Ocoee Fire Department incident number 1901715.

9. Any and all documents of any nature whatsoever in your possession regarding services rendered to any individuals at ████████████████ from April 11, 2015 to April 11, 2019, redacting personal health information of any individuals who are not Jean Celestin or Rose Marie Anite Celestin.

## CERTIFICATION
### Please complete and return

| | | |
|---|---|---|
| RECORDS PERTAINING TO | : | JEAN SAMUEL CELESTIN<br>ROSE MARIE ANITE CELESTIN<br>JOANNE CELESTIN GRACE |
| ALIASES (please check all) | : | |
| DATE OF BIRTH | : | ███/1985<br>███/1953<br>███/1981 |
| SOCIAL SECURITY NUMBERS | : | unknown |

### CERTIFICATION OF RECORDS

My name is _____, and I am personally acquainted with the facts herein stated. I am the custodian of the records at _____.

I am attaching all records in our possession for the individual listed above.

These records are kept by our facility in the regular course of business, and it was the regular course of business for an employee or representative of our facility with knowledge of the act, event, condition, opinion or diagnosis recorded to make the records or to transmit information thereof to be included in such record; and the record was made at or near the time of the act, event, condition, opinion or diagnosis. The records attached hereto are the originals or exact duplicates of the originals of each and every document in our possession pertaining to the individual listed above.

I declare under penalty of perjury that the foregoing is true and correct.

_____          _____
Custodian of Records                              Witness Signature

_____          _____
Date                                                        Date

### CERTIFICATION OF NO RECORDS

My name is _____, and I am personally acquainted with the facts herein stated. I am the custodian of the records at _____.

A thorough search of both our active and archived files, carried out under my direction, revealed no documents, records, or other materials called for in the authorization for the individual listed above, or any aliases for the individual listed above, for the following reasons:

_____    All records for the time period in questions have been destroyed in accordance with our document retention policy. We normally destroy records after _____ years.

_____    A thorough search of both our active and archived files has been performed and no such records were found.

_____    Other  _____

I declare under penalty of perjury that the foregoing is true and correct.

_____          _____
Custodian of Records                              Witness Signature

_____          _____
Date                                                        Date

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition*. A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery*. A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions*. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required*. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served, If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required*. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted*. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative*. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information*. These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents*. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified*. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form*. The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information*. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld*. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced*. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(A) Committee Note (2013).

# United States District Court
## for the Middle District of Florida
## Orlando Division

ROSE MARIE CELESTIN, as
Next of Kin and Personal
Representative of the Estate of JEAN
SAMUEL CELESTIN, deceased      Civil Action Number: 6:21-cv-00896-RBD-EJK

vs.

CITY OF OCOEE, et al.

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:     Orange County Sheriff
       Attn: Records Custodian
       P O Box 1440
       Orlando, FL 32802

     ☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

     **Any and all records of any nature or kind**, including, but not limited to, the items more fully described on the attached Exhibit A, for any and all times, from the inception of your records to the present.

**YOU MUST PRODUCE <u>EACH AND EVERY</u> PIECE OF PAPER CONTAINED IN YOUR RECORDS REGARDING THE INDIVIDUAL REFERENCED, WHETHER PREPARED BY YOU OR NOT, <u>INCLUDING</u> LETTERS OR RECORDS SENT TO YOU FROM ANOTHER SOURCE. THIS IS TO INCLUDE INITIAL PAPERWORK OR INTAKE QUESTIONNAIRES COMPLETED BY THE REFERENCED INDIVIDUAL, TELEPHONE MESSAGES, LETTERS FROM ATTORNEYS, LETTERS FROM THE REFERENCED INDIVIDUAL, BILLING LEDGERS, ETC. <u>LEAVE NOTHING OUT FOR ANY REASON.</u>**

| Place: Dean, Ringers, Morgan & Lawton, P.A. | Date and Time: 10/01/2021 @ 10:00 am |
|---|---|
|        P.O. Box 2928 | |
|        Orlando, FL 32802 | |

     The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena, and Rule 45 (3) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

                               OR

_____      */s/* _____
   *Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing City of Ocoee, who issues or requests this subpoena, is

          GAIL C. BRADFORD, ESQ.
          Florida Bar No. 0295980
          Dean, Ringers, Morgan & Lawton, P.A.
          P.O. Box 2928, Orlando, FL 32802-2928
          Tel: 407-422-4310; Fax: 407-648-0233
          GBradford@drml-law.com; GCBservice@drml-law.com

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## EXHIBIT A

1.　　Any and all documents regarding any investigation into any suspected criminal activity regarding Jean Samuel Celestin, DOB: ████ 1985.

2.　　All calls for service to or regarding ████████████████████ from April 11, 2015 to April 11, 2020.

　　　IF THE COST TO REPRODUCE THE REQUESTED DOCUMENTS/MATERIALS WILL EXCEED $100.00, PLEASE CONTACT OUR OFFICE FOR <u>PRE-APPROVAL</u>.　FAILURE TO COMPLY WITH THIS REQUEST WILL RESULT IN PAYMENT OF NO MORE THAN $100.00 FOR ANY MATERIALS PRODUCED.

| CERTIFICATION | |
|---|---|
| **Please complete and return** | |
| RECORDS PERTAINING TO   : | JEAN SAMUEL CELESTIN |
| | ROSE MARIE ANITE CELESTIN |
| | JOANNE CELESTIN GRACE |
| ALIASES (please check all)     : | |
| DATE OF BIRTH            : | ██ /1985 |
| | ██ /1953 |
| | ██ /1981 |
| SOCIAL SECURITY NUMBERS  : | unknown |

### CERTIFICATION OF RECORDS

My name is _____, and I am personally acquainted with the facts herein stated. I am the custodian of the records at _____.

I am attaching all records in our possession for the individual listed above.

These records are kept by our facility in the regular course of business, and it was the regular course of business for an employee or representative of our facility with knowledge of the act, event, condition, opinion or diagnosis recorded to make the records or to transmit information thereof to be included in such record; and the record was made at or near the time of the act, event, condition, opinion or diagnosis. The records attached hereto are the originals or exact duplicates of the originals of each and every document in our possession pertaining to the individual listed above.

I declare under penalty of perjury that the foregoing is true and correct.

_____        _____
Custodian of Records                  Witness Signature

_____        _____
Date                                  Date

### CERTIFICATION OF NO RECORDS

My name is _____, and I am personally acquainted with the facts herein stated. I am the custodian of the records at _____.

A thorough search of both our active and archived files, carried out under my direction, revealed no documents, records, or other materials called for in the authorization for the individual listed above, or any aliases for the individual listed above, for the following reasons:

_____ All records for the time period in questions have been destroyed in accordance with our document retention policy. We normally destroy records after _____ years.

_____ A thorough search of both our active and archived files has been performed and no such records were found.

_____ Other _____

I declare under penalty of perjury that the foregoing is true and correct.

_____        _____
Custodian of Records                  Witness Signature

_____        _____
Date                                  Date

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition*.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

    **(i)** is a party or a party's officer; or

    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery*.** A subpoena may command:

  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions*.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection*.**

  **(A)** *Appearance Not Required*. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

  **(B)** *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served, If an objection is made, the following rules apply:

    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena*.**

  **(A)** *When Required*. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;

    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

    **(iv)** subjects a person to undue burden.

  **(B)** *When Permitted*. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

  **(C)** *Specifying Conditions as an Alternative*. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information*.** These procedures apply to producing documents or electronically stored information:

  **(A)** *Documents*. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

  **(B)** *Form for Producing Electronically Stored Information Not Specified*. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

  **(C)** *Electronically Stored Information Produced in Only One Form*. The person responding need not produce the same electronically stored information in more than one form.

  **(D)** *Inaccessible Electronically Stored Information*. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection*.**

**(A)** *Information Withheld*. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

  **(i)** expressly make the claim; and

  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced*. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(A) Committee Note (2013).

# United States District Court
## for the Middle District of Florida
## Orlando Division

ROSE MARIE CELESTIN, as
Next of Kin and Personal
Representative of the Estate of JEAN
SAMUEL CELESTIN, deceased        Civil Action Number: 6:21-cv-00896-RBD-EJK

vs.

CITY OF OCOEE, et al.

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:     Aspire Health Partners, Inc.
       Attn: Records Custodian
       5151 Adanson St., Suite 200
       Orlando, FL 32804

     ☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

     **Any and all records of any nature or kind**, including, but not limited to, the items more fully described on the attached Exhibit A, for any and all times, from the inception of your records to the present.

**YOU MUST PRODUCE <u>EACH AND EVERY</u> PIECE OF PAPER CONTAINED IN YOUR RECORDS REGARDING THE INDIVIDUAL REFERENCED, WHETHER PREPARED BY YOU OR NOT, <u>INCLUDING</u> LETTERS OR RECORDS SENT TO YOU FROM ANOTHER SOURCE. THIS IS TO INCLUDE INITIAL PAPERWORK OR INTAKE QUESTIONNAIRES COMPLETED BY THE REFERENCED INDIVIDUAL, TELEPHONE MESSAGES, LETTERS FROM ATTORNEYS, LETTERS FROM THE REFERENCED INDIVIDUAL, BILLING LEDGERS, ETC. <u>LEAVE NOTHING OUT FOR ANY REASON.</u>**

| | |
|---|---|
| Place:   Dean, Ringers, Morgan & Lawton, P.A.<br>       P.O. Box 2928<br>       Orlando, FL 32802 | Date and Time:   10/01/2021 @ 10:00 am |

     The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena, and Rule 45 (3) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

         *CLERK OF COURT*

                               OR

     _____        _____
     *Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing City of Ocoee, who issues or requests this subpoena, is

       GAIL C. BRADFORD, ESQ.
       Florida Bar No. 0295980
       Dean, Ringers, Morgan & Lawton, P.A.
       P.O. Box 2928, Orlando, FL 32802-2928
       Tel: 407-422-4310; Fax: 407-648-0233
       GBradford@drml-law.com; GCBservice@drml-law.com

**Notice to the person who issues or requests this subpoena**

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

<u>**EXHIBIT A**</u>

**MEDICAL AND BILLING RECORDS**

<u>**Any and all medical and billing records**</u> pertaining to **JEAN SAMUEL CELESTIN, DOB:** ▮▮/**1985**, of any nature or kind, including, but not limited to, any of the following (please check documents produced):

IF THE COST TO REPRODUCE THE REQUESTED DOCUMENTS/MATERIALS WILL EXCEED $100.00, PLEASE CONTACT OUR OFFICE FOR <u>PRE-APPROVAL</u>. FAILURE TO COMPLY WITH THIS REQUEST WILL RESULT IN PAYMENT OF NO MORE THAN $100.00 FOR ANY MATERIALS PRODUCED.

|  |  | <u>Produced</u> | **No Such** <br> <u>**Record Exists**</u> |
|---|---|---|---|
| 1. | Patient's charts (including admission and discharge summaries) | _____ | _____ |
| 2. | ITEMIZED BILLING RECORDS (**to include total charges, payments, adjustments, and balance ledger**) | _____ | _____ |
| 3. | **New Patient Questionnaire / Background Forms** | _____ | _____ |
| 4. | Doctors' Notes & Orders | _____ | _____ |
| 5. | Nurses' Notes | _____ | _____ |
| 6. | Therapy Records and Notes | _____ | _____ |
| 7. | Psychiatric Notes | _____ | _____ |
| 8. | Reports of Surgical Procedures | _____ | _____ |
| 9. | Office Notes | _____ | _____ |
| 10. | Emergency Care Records | _____ | _____ |
| 11. | Notices or Documentation from any hospital | _____ | _____ |
| 12. | Laboratory Results (including toxicology screens for alcohol or drug use) | _____ | _____ |
| 13. | Diagnostic Studies and Test Results | _____ | _____ |
| 14. | Photographs | _____ | _____ |
| 15. | Correspondence | _____ | _____ |
| 16. | Pharmaceutical and Prescription Records | _____ | _____ |
| 17. | Reproductions of any and all MRI films, thermograms, x-rays, and findings <br> **(DO NOT PRODUCE WITHOUT PRIOR APPROVAL)** | _____ | _____ |

| | | | |
|---|---|---|---|
| 18. | Incident or Accident Memoranda or Forms | _____ | _____ |
| 19. | Consent Forms, including Explanation of Procedures Given to Patient | _____ | _____ |
| 20. | Written Instructions to Patient | _____ | _____ |
| 21. | Consultation Reports | _____ | _____ |
| 22. | Insurance Claim Forms and Payment Documents | _____ | _____ |
| 23. | Patient Account Cards | _____ | _____ |
| 24. | Social Security Disability Application Forms | _____ | _____ |
| 25. | Any and all other information in your records regarding the patient in question | _____ | _____ |
| 26. | Patient Telephone Messages | _____ | _____ |

RECORDS CHECK MADE BY:

DATE: _____

| CERTIFICATION | | |
|---|---|---|
| Please complete and return | | |
| RECORDS PERTAINING TO | : | JEAN SAMUEL CELESTIN |
| ALIASES (please check all) | : | |
| DATE OF BIRTH | : | ███/1985 |
| SOCIAL SECURITY NUMBERS | : | unknown |

## CERTIFICATION OF RECORDS

My name is _____, and I am personally acquainted with the facts herein stated. I am the custodian of the records at _____.

I am attaching all records in our possession for the individual listed above.

These records are kept by our facility in the regular course of business, and it was the regular course of business for an employee or representative of our facility with knowledge of the act, event, condition, opinion or diagnosis recorded to make the records or to transmit information thereof to be included in such record; and the record was made at or near the time of the act, event, condition, opinion or diagnosis. The records attached hereto are the originals or exact duplicates of the originals of each and every document in our possession pertaining to the individual listed above.

I declare under penalty of perjury that the foregoing is true and correct.

_____          _____
Custodian of Records                                     Witness Signature

_____          _____
Date                                                     Date

## CERTIFICATION OF NO RECORDS

My name is _____, and I am personally acquainted with the facts herein stated. I am the custodian of the records at _____.

A thorough search of both our active and archived files, carried out under my direction, revealed no documents, records, or other materials called for in the authorization for the individual listed above, or any aliases for the individual listed above, for the following reasons:

_____     All records for the time period in questions have been destroyed in accordance with our document retention policy. We normally destroy records after _____ years.

_____     A thorough search of both our active and archived files has been performed and no such records were found.

_____     Other     _____

I declare under penalty of perjury that the foregoing is true and correct.

_____          _____
Custodian of Records                                     Witness Signature

_____          _____
Date                                                     Date

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition*.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

      **(i)** is a party or a party's officer; or

      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery*.** A subpoena may command:

   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1) *Avoiding Undue Burden or Expense; Sanctions*.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection*.**

   **(A)** *Appearance Not Required*. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

   **(B)** *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served, If an objection is made, the following rules apply:

      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena*.**

   **(A)** *When Required*. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;

      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

      **(iv)** subjects a person to undue burden.

   **(B)** *When Permitted*. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

   **(C)** *Specifying Conditions as an Alternative*. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information*.** These procedures apply to producing documents or electronically stored information:

   **(A)** *Documents*. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

   **(B)** *Form for Producing Electronically Stored Information Not Specified*. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

   **(C)** *Electronically Stored Information Produced in Only One Form*. The person responding need not produce the same electronically stored information in more than one form.

   **(D)** *Inaccessible Electronically Stored Information*. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection*.**
**(A)** *Information Withheld*. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

   **(i)** expressly make the claim; and

   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced*. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(A) Committee Note (2013).

# United States District Court
## for the Middle District of Florida
## Orlando Division

ROSE MARIE CELESTIN, as
Next of Kin and Personal
Representative of the Estate of JEAN
SAMUEL CELESTIN, deceased

               Civil Action Number: 6:21-cv-00896-RBD-EJK

vs.

CITY OF OCOEE, et al.

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:    Health Central Hospital
        Attn: Records Custodian
        10000 W. Colonial Dr.
        Ocoee, FL 34761

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

> **Any and all records of any nature or kind**, including, but not limited to, the items more fully described on the attached Exhibit A, for any and all times, from the inception of your records to the present.

**YOU MUST PRODUCE <u>EACH AND EVERY</u> PIECE OF PAPER CONTAINED IN YOUR RECORDS REGARDING THE INDIVIDUAL REFERENCED, WHETHER PREPARED BY YOU OR NOT, <u>INCLUDING</u> LETTERS OR RECORDS SENT TO YOU FROM ANOTHER SOURCE. THIS IS TO INCLUDE INITIAL PAPERWORK OR INTAKE QUESTIONNAIRES COMPLETED BY THE REFERENCED INDIVIDUAL, TELEPHONE MESSAGES, LETTERS FROM ATTORNEYS, LETTERS FROM THE REFERENCED INDIVIDUAL, BILLING LEDGERS, ETC. <u>LEAVE NOTHING OUT FOR ANY REASON.</u>**

| Place: Dean, Ringers, Morgan & Lawton, P.A.<br>       P.O. Box 2928<br>       Orlando, FL 32802 | Date and Time:  10/01/2021 @ 10:00 am |
|---|---|

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena, and Rule 45 (3) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

                 OR

_____        _____
*Signature of Clerk or Deputy Clerk*      *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing City of Ocoee, who issues or requests this subpoena, is

        GAIL C. BRADFORD, ESQ.
        Florida Bar No. 0295980
        Dean, Ringers, Morgan & Lawton, P.A.
        P.O. Box 2928, Orlando, FL 32802-2928
        Tel:  407-422-4310; Fax:  407-648-0233
        GBradford@drml-law.com; GCBservice@drml-law.com

**Notice to the person who issues or requests this subpoena**

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# EXHIBIT A

## MEDICAL RECORDS

**Any and all medical and billing records** pertaining to **JEAN SAMUEL CELESTIN, DOB:** ███**/1985**, of any nature or kind, including, but not limited to, any of the following (please check documents produced):

IF THE COST TO REPRODUCE THE REQUESTED DOCUMENTS/MATERIALS WILL EXCEED $100.00, PLEASE CONTACT OUR OFFICE FOR <u>PRE-APPROVAL</u>.  FAILURE TO COMPLY WITH THIS REQUEST WILL RESULT IN PAYMENT OF NO MORE THAN $100.00 FOR ANY MATERIALS PRODUCED.

|     |                                                                       | **Produced** | **No Such Record Exists** |
|-----|-----------------------------------------------------------------------|--------------|---------------------------|
| 1.  | Patient's charts (including admission and discharge summaries)         | _____    | _____                 |
| 2.  | **New Patient Questionnaire / Background Forms**                       | _____    | _____                 |
| 3.  | Doctors' Notes & Orders                                                | _____    | _____                 |
| 4.  | Nurses' Notes                                                          | _____    | _____                 |
| 5.  | Therapy Records and Notes                                             | _____    | _____                 |
| 6.  | Psychiatric Notes                                                     | _____    | _____                 |
| 7.  | Reports of Surgical Procedures                                        | _____    | _____                 |
| 8.  | Office Notes                                                          | _____    | _____                 |
| 9.  | Emergency Care Records                                                | _____    | _____                 |
| 10. | Notices or Documentation from any hospital                            | _____    | _____                 |
| 11. | Laboratory Results (including toxicology screens for alcohol or drug use) | _____ | _____                 |
| 12. | Diagnostic Studies and Test Results                                  | _____    | _____                 |
| 13. | Photographs                                                          | _____    | _____                 |
| 14. | Correspondence                                                       | _____    | _____                 |
| 15. | Pharmaceutical and Prescription Records                              | _____    | _____                 |
| 16. | Incident or Accident Memoranda or Forms                              | _____    | _____                 |
| 17. | Consent Forms, including Explanation of Procedures Given to Patient   | _____    | _____                 |
| 18. | Written Instructions to Patient                                      | _____    | _____                 |

19.     Consultation Reports            _____      _____

20.     Insurance Claim Forms and Payment
         Documents                    _____      _____

21.     Any and all other information in your records
         regarding the patient in question        _____      _____

22.     Patient Telephone Messages      _____      _____


RECORDS CHECK MADE BY:

DATE: _____

## CERTIFICATION
Please complete and return

| | | |
|---|---|---|
| RECORDS PERTAINING TO | : | JEAN SAMUEL CELESTIN |
| ALIASES (please check all) | : | |
| DATE OF BIRTH | : | ███ 1985 |
| SOCIAL SECURITY NUMBERS | : | unknown |

### CERTIFICATION OF RECORDS

My name is _____, and I am personally acquainted with the facts herein stated. I am the custodian of the records at _____.

I am attaching all records in our possession for the individual listed above.

These records are kept by our facility in the regular course of business, and it was the regular course of business for an employee or representative of our facility with knowledge of the act, event, condition, opinion or diagnosis recorded to make the records or to transmit information thereof to be included in such record; and the record was made at or near the time of the act, event, condition, opinion or diagnosis. The records attached hereto are the originals or exact duplicates of the originals of each and every document in our possession pertaining to the individual listed above.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Custodian of Records

_____
Date

_____
Witness Signature

_____
Date

### CERTIFICATION OF NO RECORDS

My name is _____, and I am personally acquainted with the facts herein stated. I am the custodian of the records at _____.

A thorough search of both our active and archived files, carried out under my direction, revealed no documents, records, or other materials called for in the authorization for the individual listed above, or any aliases for the individual listed above, for the following reasons:

_____ All records for the time period in questions have been destroyed in accordance with our document retention policy. We normally destroy records after _____ years.

_____ A thorough search of both our active and archived files has been performed and no such records were found.

_____ Other _____

I declare under penalty of perjury that the foregoing is true and correct.

_____
Custodian of Records

_____
Date

_____
Witness Signature

_____
Date

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition*.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

    **(i)** is a party or a party's officer; or

    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery*.** A subpoena may command:

  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions*.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection*.**

  **(A)** *Appearance Not Required*. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

  **(B)** *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served, If an objection is made, the following rules apply:

    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena*.**

  **(A)** *When Required*. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;

    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

    **(iv)** subjects a person to undue burden.

  **(B)** *When Permitted*. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

  **(C)** *Specifying Conditions as an Alternative*. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information*.** These procedures apply to producing documents or electronically stored information:

  **(A)** *Documents*. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

  **(B)** *Form for Producing Electronically Stored Information Not Specified*. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

  **(C)** *Electronically Stored Information Produced in Only One Form*. The person responding need not produce the same electronically stored information in more than one form.

  **(D)** *Inaccessible Electronically Stored Information*. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection*.**

**(A)** *Information Withheld*. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

  **(i)** expressly make the claim; and

  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced*. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(A) Committee Note (2013).

# United States District Court
## for the Middle District of Florida
## Orlando Division

ROSE MARIE CELESTIN, as
Next of Kin and Personal
Representative of the Estate of JEAN
SAMUEL CELESTIN, deceased                    Civil Action Number: 6:21-cv-00896-RBD-EJK

vs.

CITY OF OCOEE, et al.

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Health Central Hospital
        Attn: Records Custodian
        10000 W. Colonial Dr.
        Ocoee, FL 34761

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

> **Any and all records of any nature or kind**, including, but not limited to, the items more fully described on the attached Exhibit A, for any and all times, from the inception of your records to the present.

**YOU MUST PRODUCE <u>EACH AND EVERY</u> PIECE OF PAPER CONTAINED IN YOUR RECORDS REGARDING THE INDIVIDUAL REFERENCED, WHETHER PREPARED BY YOU OR NOT, <u>INCLUDING</u> LETTERS OR RECORDS SENT TO YOU FROM ANOTHER SOURCE. THIS IS TO INCLUDE INITIAL PAPERWORK OR INTAKE QUESTIONNAIRES COMPLETED BY THE REFERENCED INDIVIDUAL, TELEPHONE MESSAGES, LETTERS FROM ATTORNEYS, LETTERS FROM THE REFERENCED INDIVIDUAL, BILLING LEDGERS, ETC. <u>LEAVE NOTHING OUT FOR ANY REASON.</u>**

| Place: Dean, Ringers, Morgan & Lawton, P.A.<br> P.O. Box 2928<br> Orlando, FL 32802 | Date and Time:  10/01/2021 @ 10:00 am |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena, and Rule 45 (3) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

                                    OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing City of Ocoee, who issues or requests this subpoena, is

GAIL C. BRADFORD, ESQ.
Florida Bar No. 0295980
Dean, Ringers, Morgan & Lawton, P.A.
P.O. Box 2928, Orlando, FL 32802-2928
Tel:  407-422-4310; Fax:  407-648-0233
GBradford@drml-law.com; GCBservice@drml-law.com

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

<u>**EXHIBIT A**</u>

**BILLING RECORDS**

  <u>**Any and all billing records**</u> pertaining to **JEAN SAMUEL CELESTIN, DOB:** ▉/**1985**, of any nature or kind, including, but not limited to, any of the following (please check documents produced):

  IF THE COST TO REPRODUCE THE REQUESTED DOCUMENTS/MATERIALS WILL EXCEED $100.00, PLEASE CONTACT OUR OFFICE FOR <u>PRE-APPROVAL</u>.  FAILURE TO COMPLY WITH THIS REQUEST WILL RESULT IN PAYMENT OF NO MORE THAN $100.00 FOR ANY MATERIALS PRODUCED.

|  |  | <u>Produced</u> | **No Such**<br><u>**Record Exists**</u> |
|---|---|---|---|
| 1. | Patient's charts (including admission and discharge summaries) | _____ | _____ |
| 2. | ITEMIZED BILLING RECORDS (**to include total charges, payments, adjustments, and balance ledger**) | _____ | _____ |
| 3. | Notices or Documentation from any hospital | _____ | _____ |
| 4. | Correspondence | _____ | _____ |
| 5. | Written Instructions to Patient | _____ | _____ |
| 6. | Insurance Claim Forms and Payment Documents | _____ | _____ |
| 7. | Patient Account Cards | _____ | _____ |
| 8. | Social Security Disability Application Forms | _____ | _____ |
| 9. | Any and all other information in your records regarding the patient in question | _____ | _____ |
| 10. | Patient Telephone Messages | _____ | _____ |

RECORDS CHECK MADE BY:

DATE: _____

| | | |
|---|---|---|
| RECORDS PERTAINING TO | : | JEAN SAMUEL CELESTIN |
| ALIASES (please check all) | : | |
| DATE OF BIRTH | : | ███/1985 |
| SOCIAL SECURITY NUMBERS | : | unknown |

## CERTIFICATION OF RECORDS

My name is _____, and I am personally acquainted with the facts herein stated. I am the custodian of the records at _____.

I am attaching all records in our possession for the individual listed above.

These records are kept by our facility in the regular course of business, and it was the regular course of business for an employee or representative of our facility with knowledge of the act, event, condition, opinion or diagnosis recorded to make the records or to transmit information thereof to be included in such record; and the record was made at or near the time of the act, event, condition, opinion or diagnosis. The records attached hereto are the originals or exact duplicates of the originals of each and every document in our possession pertaining to the individual listed above.

I declare under penalty of perjury that the foregoing is true and correct.

_____          _____
Custodian of Records                                      Witness Signature

_____          _____
Date                                                              Date

## CERTIFICATION OF NO RECORDS

My name is _____, and I am personally acquainted with the facts herein stated. I am the custodian of the records at _____.

A thorough search of both our active and archived files, carried out under my direction, revealed no documents, records, or other materials called for in the authorization for the individual listed above, or any aliases for the individual listed above, for the following reasons:

_____       All records for the time period in questions have been destroyed in accordance with our document retention policy. We normally destroy records after _____ years.

_____       A thorough search of both our active and archived files has been performed and no such records were found.

_____       Other _____

I declare under penalty of perjury that the foregoing is true and correct.

_____          _____
Custodian of Records                                      Witness Signature

_____          _____
Date                                                              Date

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition*. A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery*. A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions*. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served, If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(A) Committee Note (2013).

# United States District Court
## for the Middle District of Florida
## Orlando Division

ROSE MARIE CELESTIN, as
Next of Kin and Personal
Representative of the Estate of JEAN
SAMUEL CELESTIN, deceased

Civil Action Number: 6:21-cv-00896-RBD-EJK

vs.

CITY OF OCOEE, et al.

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Health Central Hospital
        Attn: Records Custodian
        10000 W. Colonial Dr.
        Ocoee, FL 34761

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

> **Any and all records of any nature or kind**, including, but not limited to, the items more fully described on the attached Exhibit A, for any and all times, from the inception of your records to the present.

**YOU MUST PRODUCE <u>EACH AND EVERY</u> PIECE OF PAPER CONTAINED IN YOUR RECORDS REGARDING THE INDIVIDUAL REFERENCED, WHETHER PREPARED BY YOU OR NOT, <u>INCLUDING</u> LETTERS OR RECORDS SENT TO YOU FROM ANOTHER SOURCE. THIS IS TO INCLUDE INITIAL PAPERWORK OR INTAKE QUESTIONNAIRES COMPLETED BY THE REFERENCED INDIVIDUAL, TELEPHONE MESSAGES, LETTERS FROM ATTORNEYS, LETTERS FROM THE REFERENCED INDIVIDUAL, BILLING LEDGERS, ETC. <u>LEAVE NOTHING OUT FOR ANY REASON.</u>**

| Place: Dean, Ringers, Morgan & Lawton, P.A.<br>P.O. Box 2928<br>Orlando, FL 32802 | Date and Time:  10/01/2021 @ 10:00 am |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena, and Rule 45 (3) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

                         OR

_____          _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing City of Ocoee, who issues or requests this subpoena, is

GAIL C. BRADFORD, ESQ.
Florida Bar No. 0295980
Dean, Ringers, Morgan & Lawton, P.A.
P.O. Box 2928, Orlando, FL 32802-2928
Tel:  407-422-4310; Fax:  407-648-0233
GBradford@drml-law.com; GCBservice@drml-law.com

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## EXHIBIT A

## RADIOLOGY RECORDS

**Any and all radiology records** pertaining to **JEAN SAMUEL CELESTIN, DOB:** ▇/**1985**, of any nature or kind, including, but not limited to, any of the following (please check documents produced):

IF THE COST TO REPRODUCE THE REQUESTED DOCUMENTS/MATERIALS WILL EXCEED $100.00, PLEASE CONTACT OUR OFFICE FOR <u>PRE-APPROVAL</u>.  FAILURE TO COMPLY WITH THIS REQUEST WILL RESULT IN PAYMENT OF NO MORE THAN $100.00 FOR ANY MATERIALS PRODUCED.

|    |    | <u>Produced</u> | **No Such**<br><u>Record Exists</u> |
|----|----|----|----|
| 1. | Patient's charts (including admission and discharge summaries) | _____ | _____ |
| 2. | ITEMIZED BILLING RECORDS (**to include total charges, payments, adjustments, and balance ledger**) | _____ | _____ |
| 3. | **New Patient Questionnaire / Background Forms** | _____ | _____ |
| 4. | Doctors' Notes & Orders | _____ | _____ |
| 5. | Nurses' Notes | _____ | _____ |
| 6. | Reports of Surgical Procedures | _____ | _____ |
| 9. | Office Notes | _____ | _____ |
| 10. | Emergency Care Records | _____ | _____ |
| 11. | Notices or Documentation from any hospital | _____ | _____ |
| 12. | Diagnostic Studies and Test Results | _____ | _____ |
| 13. | Photographs | _____ | _____ |
| 14. | Correspondence | _____ | _____ |
| 15. | Pharmaceutical and Prescription Records | _____ | _____ |
| 16. | Reproductions of any and all MRI films, thermograms, x-rays, and findings | _____ | _____ |
| 17. | Incident or Accident Memoranda or Forms | _____ | _____ |
| 18. | Consent Forms, including Explanation of Procedures Given to Patient | _____ | _____ |
| 19. | Consultation Reports | _____ | _____ |
| 20. | Any and all other information in your records regarding the patient in question | _____ | _____ |

## CERTIFICATION
### Please complete and return

| | | |
|---|---|---|
| RECORDS PERTAINING TO | : | JEAN SAMUEL CELESTIN |
| ALIASES (please check all) | : | |
| DATE OF BIRTH | : | ███/1985 |
| SOCIAL SECURITY NUMBERS | : | unknown |

### CERTIFICATION OF RECORDS

My name is _____, and I am personally acquainted with the facts herein stated. I am the custodian of the records at _____.

I am attaching all records in our possession for the individual listed above.

These records are kept by our facility in the regular course of business, and it was the regular course of business for an employee or representative of our facility with knowledge of the act, event, condition, opinion or diagnosis recorded to make the records or to transmit information thereof to be included in such record; and the record was made at or near the time of the act, event, condition, opinion or diagnosis. The records attached hereto are the originals or exact duplicates of the originals of each and every document in our possession pertaining to the individual listed above.

I declare under penalty of perjury that the foregoing is true and correct.

_____                    _____
Custodian of Records                         Witness Signature

_____                    _____
Date                                         Date

### CERTIFICATION OF NO RECORDS

My name is _____, and I am personally acquainted with the facts herein stated. I am the custodian of the records at _____.

A thorough search of both our active and archived files, carried out under my direction, revealed no documents, records, or other materials called for in the authorization for the individual listed above, or any aliases for the individual listed above, for the following reasons:

_____    All records for the time period in questions have been destroyed in accordance with our document retention policy. We normally destroy records after _____ years.

_____    A thorough search of both our active and archived files has been performed and no such records were found.

_____    Other _____

I declare under penalty of perjury that the foregoing is true and correct.

_____                    _____
Custodian of Records                         Witness Signature

_____                    _____
Date                                         Date

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition*. A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

      **(i)** is a party or a party's officer; or

      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery*. A subpoena may command:

  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions*. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

  **(A)** *Appearance Not Required*. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

  **(B)** *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served, If an objection is made, the following rules apply:

      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required*. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;

      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

      **(iv)** subjects a person to undue burden.

  **(B)** *When Permitted*. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

  **(C)** *Specifying Conditions as an Alternative*. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information*. These procedures apply to producing documents or electronically stored information:

  **(A)** *Documents*. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

  **(B)** *Form for Producing Electronically Stored Information Not Specified*. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

  **(C)** *Electronically Stored Information Produced in Only One Form*. The person responding need not produce the same electronically stored information in more than one form.

  **(D)** *Inaccessible Electronically Stored Information*. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld*. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

  **(i)** expressly make the claim; and

  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced*. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(A) Committee Note (2013).

# United States District Court
## for the Middle District of Florida
## Orlando Division

ROSE MARIE CELESTIN, as
Next of Kin and Personal
Representative of the Estate of JEAN
SAMUEL CELESTIN, deceased                    Civil Action Number: 6:21-cv-00896-RBD-EJK

vs.

CITY OF OCOEE, et al.

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Florida Department of Children and Families
        Attn: Records Custodian
        400 W. Robinson St., Suite 1129
        Orlando, FL 32801

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

> **Any and all records of any nature or kind**, including, but not limited to, the items more fully described on the attached Exhibit A, for any and all times, from the inception of your records to the present.

**YOU MUST PRODUCE <u>EACH AND EVERY</u> PIECE OF PAPER CONTAINED IN YOUR RECORDS REGARDING THE INDIVIDUAL REFERENCED, WHETHER PREPARED BY YOU OR NOT, <u>INCLUDING</u> LETTERS OR RECORDS SENT TO YOU FROM ANOTHER SOURCE. THIS IS TO INCLUDE INITIAL PAPERWORK OR INTAKE QUESTIONNAIRES COMPLETED BY THE REFERENCED INDIVIDUAL, TELEPHONE MESSAGES, LETTERS FROM ATTORNEYS, LETTERS FROM THE REFERENCED INDIVIDUAL, BILLING LEDGERS, ETC. <u>LEAVE NOTHING OUT FOR ANY REASON.</u>**

| Place: Dean, Ringers, Morgan & Lawton, P.A.<br>    P.O. Box 2928<br>    Orlando, FL 32802 | Date and Time:  10/01/2021 @ 10:00 am |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena, and Rule 45 (3) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*
                                    OR

_____              _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing City of Ocoee, who issues or requests this subpoena, is

GAIL C. BRADFORD, ESQ.
Florida Bar No. 0295980
Dean, Ringers, Morgan & Lawton, P.A.
P.O. Box 2928, Orlando, FL 32802-2928
Tel:  407-422-4310; Fax:  407-648-0233
GBradford@drml-law.com; GCBservice@drml-law.com

---

### Notice to the person who issues or requests this subpoena

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## EXHIBIT A

1. Any and all records, including but not limited to, reports, examinations, doctors' notes, correspondence, telephone messages, memoranda and all documents received or reviewed by the Florida Department of Children and Families relating to Jean Samuel Celestin (DOB: ███ 1985), whether stored on paper or electronically.

2. Any and all documents of any nature whatsoever in your possession regarding Jean Samuel Celestin.

3. Any and all documents of any nature whatsoever in your possession regarding DCF Case No. 1691.

4. Any and all documents of any nature whatsoever in your possession regarding services rendered to any individuals at ████████████████ from April 11, 2015 to April 11, 2019, redacting personal health information of any individuals who are not Jean Celestin or Rose Marie Anite Celestin.


IF THE COST TO REPRODUCE THE REQUESTED DOCUMENTS/MATERIALS WILL EXCEED $100.00, PLEASE CONTACT OUR OFFICE FOR <u>PRE-APPROVAL</u>. FAILURE TO COMPLY WITH THIS REQUEST WILL RESULT IN PAYMENT OF NO MORE THAN $100.00 FOR ANY MATERIALS PRODUCED.

| RECORDS PERTAINING TO | : | JEAN SAMUEL CELESTIN |
|---|---|---|
| ALIASES (please check all) | : | |
| DATE OF BIRTH | : | ██/1985 |
| SOCIAL SECURITY NUMBERS | : | unknown |

### CERTIFICATION OF RECORDS

My name is _____, and I am personally acquainted with the facts herein stated. I am the custodian of the records at _____.

I am attaching all records in our possession for the individual listed above.

These records are kept by our facility in the regular course of business, and it was the regular course of business for an employee or representative of our facility with knowledge of the act, event, condition, opinion or diagnosis recorded to make the records or to transmit information thereof to be included in such record; and the record was made at or near the time of the act, event, condition, opinion or diagnosis. The records attached hereto are the originals or exact duplicates of the originals of each and every document in our possession pertaining to the individual listed above.

I declare under penalty of perjury that the foregoing is true and correct.

| _____ | _____ |
|---|---|
| Custodian of Records | Witness Signature |
| _____ | _____ |
| Date | Date |

### CERTIFICATION OF NO RECORDS

My name is _____, and I am personally acquainted with the facts herein stated. I am the custodian of the records at _____.

A thorough search of both our active and archived files, carried out under my direction, revealed no documents, records, or other materials called for in the authorization for the individual listed above, or any aliases for the individual listed above, for the following reasons:

_____ All records for the time period in questions have been destroyed in accordance with our document retention policy. We normally destroy records after _____ years.

_____ A thorough search of both our active and archived files has been performed and no such records were found.

_____ Other _____

I declare under penalty of perjury that the foregoing is true and correct.

| _____ | _____ |
|---|---|
| Custodian of Records | Witness Signature |
| _____ | _____ |
| Date | Date |

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition*.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

    **(i)** is a party or a party's officer; or

    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery*.** A subpoena may command:

  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions*.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection*.**

  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served, If an objection is made, the following rules apply:

    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena*.**

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;

    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

    **(iv)** subjects a person to undue burden.

  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information*.** These procedures apply to producing documents or electronically stored information:

  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

  **(i)** expressly make the claim; and

  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(A) Committee Note (2013).