# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ROSE MARIE CELESTIN,**

      **Plaintiff,**

v.                                                Case No: 6:21-cv-896-RBD-EJK

**CITY OF OCOEE, JOSHUA BODE,
CHRISTOPHER BONNER,
DOMINIC CHIUCHIARELLI,
BRIAN HARRIS, TOWN OF
WINDERMERE, and GRIFFIN
HEBEL,**

      **Defendants.**

## ORDER

This cause comes before the Court on the parties' Joint Filing of Proposed Confidentiality and Protective Order, which the Court construes as a Joint Motion for Entry of Protective Order (the "Motion"), filed December 7, 2021. (Doc. 63.) For the reasons set forth in the Court's Order granting Plaintiff's Motion for a Protective Order (Doc. 55), the Motion is **GRANTED**. It is hereby **ORDERED** that:

1. The term "person," as used in this Order, shall apply to both natural persons and entities;

2. The following restrictions and procedures shall apply to documents, testimony, and information produced, given, or disclosed by Plaintiff and Defendants, their officers, directors, corporate parents, subsidiaries, and affiliates, as well as by third parties, in this action;

3. Counsel for any party may designate any document, information contained in a document, information revealed in an interrogatory response or information revealed during a deposition as confidential only if such document or information includes medical information and/or autopsy photographs. Documents or information designated by a party as confidential will be stamped "CONFIDENTIAL." Interrogatory responses and deposition testimony will be designated "CONFIDENTIAL" by written notice to all parties. Information that has been designated "CONFIDENTIAL" by either method is referred to collectively herein as "Confidential Information."

4. Unless ordered by the Court, or otherwise provided for herein, the Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action. However, any part of a document not marked "CONFIDENTIAL" shall not be subject to such restriction.

5. In the event a party challenges another party's confidential designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the designating party shall then seek resolution by the Court. Failure of the designating party to seek resolution by the Court on or before thirty (30) days after the first of any other party's challenge to the confidentiality designation shall constitute waiver of the confidentiality designation.

6. Nothing in this Order shall be construed as affecting the right of any party to object to the use or admissibility of all Confidential Information disclosed, in accordance with applicable law and Court rules.

7. Confidential Information shall not be disclosed to any person, except:

    a. The requesting party and counsel, including in-house counsel;

    b. Counsel's employees assigned to and necessary to assist in the litigation;

    c. Employees of a party's insurance provider (including without limitation excess insurers, re-insurers, underwriters, third-party administrators, and coverage counsel) who are assigned to and necessary to the litigation;

    d. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel by whom the consultant(s) or expert(s) were retained;

    e. Any people from whom testimony is taken or is to be taken in these actions, except that they may only be shown that Confidential Information during and in preparation for their testimony and may not retain the Confidential Information; and

    f. The Court (including any clerks, stenographers, or other people having access to any Confidential Information by virtue of their positions with the Court) or the jury at trial or as exhibits to motions.

8. Prior to disclosing or displaying Confidential Information to any person, as

authorized above, counsel shall:

    a. inform the person of the confidential nature of the information or documents; and

    b. inform the person that use of the information or documents for any purpose other than this litigation and disclosure of the information to persons other than those listed above is prohibited.

9. The disclosure of a document or information without designating it as "Confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information provided that the material is designated pursuant to the procedures set forth herein no later than fourteen days after the close of discovery or fourteen days after the document or information is produced, whichever occurs later. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms detailed herein.

10. A party seeking to file Confidential Information that has been designated "CONFIDENTIAL" by another party shall do so according to the procedure set forth in Local Rule 1.11(d).

11. Any assertions of privilege concerning Confidential Information shall comply with the undersigned's Standing Order on the Procedure for Assertion of Privilege.

12. At the conclusion of litigation, any person or entity in possession of Confidential Information or any copies thereof shall promptly (and in no

event later than thirty days after completion of settlement by all parties, or entry of final judgment no longer subject to appeal, whichever occurs later) use their reasonable best efforts to destroy such Confidential Information and any copies thereof, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain confidential.

13. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any order relating to Confidential Information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information. Any violation of these terms may result in the Court imposing sanctions.

**DONE** and **ORDERED** in Orlando, Florida on December 8, 2021.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE