UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO: 6:21-cv-00896-RBD-EJK

ROSE MARIE CELESTIN, as
Next of Kin and Personal
Representative of the Estate of JEAN
SAMUEL CELESTIN, deceased,

      Plaintiff,

v.

CITY OF OCOEE, Officer JOSHUA BODE,
individually, Officer CHRISTOPHER BONNER,
individually, Officer DOMINIC
CHIUCHIARELLI, individually, Officer
BRIAN HARRIS, individually, TOWN OF
WINDERMERE, and Officer GRIFFIN
HEBEL, individually,

      Defendants.
_____/

**PLAINTIFF'S RENEWED MOTION TO COMPEL REGARDING NON-PARTY SUBPOENA TO FLORIDA DEPARTMENT OF LAW ENFORCEMENT**

COMES NOW, Plaintiff, Rose Marie Celestin, as Next of Kin and as Personal

Representative of the Estate of Jean Samuel Celestin, deceased ("Plaintiff"), by and

through undersigned counsel, hereby moves this Court to compel the Florida

Department of Law Enforcement ("FDLE") to respond to Plaintiff's non-party

subpoena by providing all responsive records without redaction.

## ARGUMENT

On January 7, 2022, Plaintiff filed an unopposed motion to compel compliance with a November 8, 2021, non-party subpoena served on FDLE, seeking "[a]ll documents and communications concerning Jean Samuel Celestin, including but not limited to all documents and communications concerning any investigation into the death of Jean Samuel Celestin." (Doc. 65). On January 13, 2022, the Court denied Plaintiff's motion, holding that the Court lacked jurisdiction to hear the motion because the November 8, 2021 subpoena listed an address in New York, New York as the return location. (Doc. 67).

On January 19, 2022, Plaintiff served a new subpoena on counsel for FDLE, and a copy of the Court's January 13 Order. The January 19, 2022 subpoena is identical in substance to the November 8, 2022 subpoena, except that it lists an address in Orlando, Florida as the location where FDLE is required to send the requested documents. *See* Ex. 1. FDLE regularly conducts business in person within 100 miles of the Orlando address listed on the subpoena. *See https://www.fdle.state.fl.us/Contact-Us/Regional-Contacts.aspx* (listing an Orlando address for the FDLE Orlando Regional Operations Center); *see also* Fed. R. Civ. P. 45(c)(2)(A) (directing that a subpoena may command "production of documents . . . at a place within 100 miles of where the person . . . regularly transacts business in person").

Counsel for FDLE accepted service of the subpoena, and confirmed that FDLE's position with regard to the subpoena is unchanged. (*See* Doc. 65 (explaining that FDLE did not object to the subpoena, but redacted relevant and necessary information from preliminary document productions based on its position that, notwithstanding the federal non-party subpoena served, Florida state law requires FDLE to redact certain information)).

Where a state nondisclosure statute would prevent compliance with a federal subpoena, "federal courts have routinely compelled compliance under the authority of the Supremacy Clause." *In re Grand Jury Matter*, 762 F. Supp. 333, 335 (S.D. Fla. 1991); *cf.* (Doc. 55 at 5 (a federal court order issued pursuant to Rule 26 "renders any state statute or regulation to the contrary void pursuant to the Supremacy Clause" (internal quotation marks omitted))). The additional documents FDLE has yet to produce but intends to redact also include highly relevant information, such as interviews with individual defendant officers and non-party witnesses about the incident that is the subject of this lawsuit.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an order compelling FDLE to produce unredacted copies of all documents and information responsive to Plaintiff's January 19, 2022 non-party subpoena.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to M.D. Fla. Local R. 3.01(g), counsel for Plaintiff has conferred in good faith by email with counsel for Defendant City of Ocoee, counsel for Defendants Town of Windermere and Griffin Hebel, and counsel for Defendants Joshua Bode, Christopher Bonner, Dominic Chiuchiarelli, and Brian Harris. Counsel for all Defendants have indicated that they are unopposed to this motion, and that they agree to waive the 14-day notice period of Local Rule 3.04.

Counsel for Plaintiff has also conferred in good faith with counsel for FDLE. Counsel for FDLE is unopposed to this motion but maintains that a court order is required for FDLE to produce the requested documents without redactions while maintaining compliance with state law. Specifically, counsel for FDLE requests that any court order entered compelling compliance include the following language:

> ORDERED AND ADJUDGED that the Florida Department of Law Enforcement ("FDLE") shall provide to King & Markman, P.A., a complete and un-redacted copy of all documents and communications concerning Jean Samuel Celestin, including but not limited to all documents and communications concerning any investigation into the death of Jean Samuel Celestin to include specifically FDLE Case No. OR-27-0343-IR and all of its related items;

> ORDERED AND ADJUDGED that the information disseminated by FDLE to King & Markman, P.A., may be provided and discussed among the parties, members of their litigation teams , and any other person listed in Paragraphs 7(a-f) of this Court's December 8, 2021 Order, as needed for the preparation and litigation of this cause, and may be presented and discussed during court proceedings as necessary for the litigation of this cause, but otherwise remains confidential and exempt as provided by Florida Statutes and is not

to be disseminated to anyone not authorized to receive the information pursuant to court order or Florida Statutes; and it is further

ORDERED AND ADJUDGED that FDLE Case No. OR-27-0343-IR shall be released from FDLE to King & Markman, P.A., including any information which may reveal the identity of a person who is a victim of domestic violence pursuant to Florida Statutes and pertaining to this cause.

Dated:          January 28, 2022
                Orlando, Florida

/s/ Jeremy K. Markman
Jeremy K. Markman, Esquire
Florida Bar No.: 0080594
KING & MARKMAN, P.A.
941 Lake Baldwin Lane, Ste. 101
Orlando, Florida 32814
Tel:       (407) 447-0848
Fax:       (407) 271-8999
markman@kingmarkman.com
cuwabera@kingmarkman.com
*Attorney for Plaintiff*

/s/ Andrew G. Celli, Jr.
Andrew G. Celli, Jr.*
Jonathan S. Abady*
Earl S. Ward*
Andrew K. Jondahl *
EMERY CELLI BRINCKERHOFF
ABADY WARD & MAAZEL LLP
600 Fifth Avenue, 10th Floor
New York, New York 10020
(212) 763-5000
*Attorneys for Plaintiff*

* *Admitted pro hac vice*

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on January 28, 2022, I filed the foregoing with

the court using the CM/ECF system, which will send a notice of electronic filing to

all counsel of record.

**I FURTHER CERTIFY** that on January 28, 2022, I served a copy of the

foregoing by email on the following non-CM/ECF participant:

Matt Casey
Assistant General Counsel
Florida Department of Law Enforcement
P.O. Box 1489
Tallahassee, FL 32302-1489
MattCasey@fdle.state.fl.us

/s/ Jeremy K. Markman
Jeremy K. Markman, Esquire
Florida Bar No.: 0080594
KING & MARKMAN, P.A.
941 Lake Baldwin Lane, Ste. 101
Orlando, Florida 32814
Tel:        (407) 447-0848
Fax:        (407) 271-8999
markman@kingmarkman.com
cuwabera@kingmarkman.com
*Attorney for Plaintiff*

 /s/ Andrew G. Celli, Jr.
Andrew G. Celli, Jr.*
Jonathan S. Abady*
Earl S. Ward*
Andrew K. Jondahl *
EMERY CELLI BRINCKERHOFF
ABADY WARD & MAAZEL LLP 600 Fifth
Avenue, 10th Floor
New York, New York 10020

(212) 763-5000
*Attorneys for Plaintiff*

\* *Admitted pro hac vice*