# Exhibit 1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Middle District of Florida

| | |
|---|---|
| ROSE MARIE CELESTIN, as Next of kin and Personal Representative of the Estate of JEAN SAMUEL CELESTIN, deceased <br> *Plaintiff* <br> v. <br><br> CITY OF OCOEE, et al. <br> *Defendant* | )<br>)<br>)<br>)  Civil Action No.   21 Civ. 00896 (RBD)(EJK)<br>)<br>)<br>) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Florida Department of Law Enforcement
2331 Phillips Rd, Tallahassee, FL 32308
publicrecords@fdle.state.fl.us
*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place:   King & Markman <br> 941 Lake Baldwin Ln, Suite 101 <br> Orlando, FL 32814 | Date and Time: <br><br> 01/20/2022 at 4:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| CLERK OF COURT | |
|---|---|
| _____ <br> *Signature of Clerk or Deputy Clerk* | OR  _____ <br> *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Next of Kin and Personal Representative of The Estate, Rose Marie Celestin _____, who issues or requests this subpoena, are:

Jeremy Markman, King & Markman, 941 Lake Baldwin Ln, Suite 101, Orlando, FL 32814,  markman@kingmarkman.com, (407) 447-0848

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                            *Server's signature*

                                                    _____
                                                            *Printed name and title*

                                                    _____
                                                            *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO: 6:21-cv-00896-RBD-EJK

ROSE MARIE CELESTIN, as
Next of Kin and Personal
Representative of the Estate of JEAN
SAMUEL CELESTIN, deceased,

        Plaintiff,

v.

CITY OF OCOEE, Officer JOSHUA BODE,
individually, Officer CHRISTOPHER BONNER,
individually, Officer DOMINIC
CHIUCHIARELLI, individually, Officer
BRIAN HARRIS, individually, TOWN OF
WINDERMERE, and Officer GRIFFIN
HEBEL, individually,

        Defendants.
_____/

## RIDER TO SUBPOENA

### DEFINITIONS

1.    <u>You</u>: The term "you" means the Florida Department of Law Enforcement, including all agencies, divisions, departments, elected officials, officers, directors, employees, partners, or agents of the Florida Department of Law Enforcement.

2.    <u>Plaintiff</u>: The term "Plaintiff" means Rose Marie Celestin, as Next of Kin and Personal Representative of the Estate of Jean Samuel Celestin.

3.    <u>Communication</u>: The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

4.      Document: The term "document" means, without limitation, the following items which are in the possession, custody or control of you, your agents, representatives and/or attorneys, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand: agreements, communications, reports, logs, sign-in or sign-out sheets, records or reports of municipal, state, or federal governmental hearings or investigations, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, motion picture film, brochures, pamphlets, advertisements, circulars, press releases, drafts, letters, any marginal comments appearing on any document, and all other writings, audio tape, videotape, text message, voice mail, email, and electronically stored information.

5.      Concerning: The term "concerning" means relating to, referring to, describing, evidencing or constituting.

6.      All/Each: The terms "all" and "each" shall be construed as all and each.

7.      And/Or: The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this discovery request all responses that might otherwise be construed to be outside of its scope.

8.      Number: The use of the singular form of any words includes the plural and vice versa.

2

## **INSTRUCTIONS**

1.      In responding to the following requests, you shall furnish all information that is available to you, including information in the possession, custody, or control of your attorneys, accountants, employees, investigators, experts, representatives, or other agents or servants.

2.      If any document responsive to any of the requests has been lost or destroyed, or is otherwise unavailable, describe and identify each such document by stating in writing: (i) the name(s) of the authors(s), the name(s) of the person(s) who received the original and all copies and the date and subject matter, (ii) the last known custodian of the document, (iii) the incident, event, or occurrence during which such document was lost, destroyed, or otherwise became unavailable, (iv) each person having knowledge of the circumstances of it being lost, discarded or destroyed, and (v) your efforts to locate each such document.

3.      If a claim of privilege is asserted with respect to any document, or you refuse to disclose any document requested herein on any other ground, state the basis for your claim that such document need not be disclosed with such specificity as will permit the Court to determine the legal sufficiency of your objection or position, and, for each such document, identify:

        a.      whether the document contains a request for legal advice and, if so, identify the person who requested the legal advice;

        b.      whether the document contains advice as to the meaning or application of particular laws or rules in response to such request;

c.       any further information to explain and support the claim of privilege and to permit the adjudication of the propriety of that claim;

d.       the nature of the privilege (including work product) that is being claimed and if the privilege is being asserted in connection with a claim or defense governed by state law, indicate the state's privilege rule being invoked;

e.       the type of document, e.g., letter or memorandum; the general subject matter of the document; and such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author, addressee, and any other recipient of the document, and, where not apparent, the relationship of the author, addressee, and other recipient to each other.

4.       If in answering these requests you claim any ambiguity in interpreting either the request or a definition or instruction applicable thereto, such claim shall not be utilized by you as a basis for refusing to respond; rather, you shall set forth in a part of your response to such a request the language deemed to be ambiguous and the interpretation chosen or used in responding to the request.

5.       You shall respond separately and completely to each command for production, setting forth the demand in full followed by each answer.

6.       With respect to the documents requested, this request seeks production of all documents described, in their entirety, along with any attachments, drafts and non-identical copies.

7.       Questions regarding the interpretation of these requests should be resolved in favor of the broadest possible construction.

8.       The documents produced in response to these requests shall be: (i) organized and designated to correspond to the categories in the requests, or (ii) produced

in a form that accurately reflects how they are maintained by you in the normal course of business, including, but not limited to the following:

    a.    that all associated file labels, file headings and file folders be produced with the responsive documents from each file and that each file be identified as to its owner(s) or custodian(s);

    b.    that all pages now stapled or fastened together be produced stapled or fastened together; and

    c.    that all documents which cannot legibly be copied be produced in their original form.

9.    Except where otherwise indicated, the period of time covered by these requests is from April 11, 2019 to the date these requests are answered.

10.    Whenever possible, Plaintiff requests that all documents be produced in their native format and/or as TIFs and include electronically stored information. You may not convert the data to a form that is more burdensome and/or less searchable. If you convert data to TIFs from native format, you must retain all metadata—including but not limited to the OCR database, document demarcations, the date of the documents, the author of the documents, the recipients of the documents, the type of documents, etc.—in a usable load file (Summation or Concordance preferred).

## COMMAND TO PRODUCE

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, the Florida Department of Law Enforcement is required to produce the following documents:

1.    All documents and communications concerning Jean Samuel Celestin, including but not limited to all documents and communications concerning any investigation into the death of Jean Samuel Celestin.