UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROSE MARIE CELESTIN, as Next of Kin and Proposed Personal Representative of the Estate of Jean Samuel Celestin, deceased,

    Plaintiff,

v.

CITY OF OCOEE, OFFICER JOSHUA BODE, OFFICER CHRISTOPHER BONNER, OFFICER DOMINIC CHIUCHIARELLI, OFFICER BRIAN HARRIS, TOWN OF WINDERMERE, AND OFFICER GRIFFIN HEBEL,

    Defendants.
_____/

Case No. 6:21-cv-896-RBD-EJK

## DEFENDANTS' MOTION TO STRIKE, OR IN THE ALTERNATIVE, FOR LEAVE TO SERVE SURREBUTTAL EXPERT REPORTS AND EXTENSION OF TIME TO TAKE ALON STEINBERG'S DEPOSITION

COME NOW, Defendants, through their respective undersigned attorneys, file and serve their Motion to Strike, or in the Alternative, for Leave to Serve Surrebuttal Expert Reports and Extension of Time to Take Alon Steinberg's Deposition.

1. This case arises out of the alleged April 11, 2019 encounter between police and Jean Samuel Celestin and his subsequent death.

2. On April 15, 2022, Plaintiff served expert witness disclosures and reports for Richard Masten and Michael Baden. (*See* Ex. 1; Ex. 2; Ex. 3). On May 20, 2022,

Defendants served expert witness disclosures and reports for John Hunsaker, Mark Kroll, John Peters, Gary Vilke, and Kenneth Wallentine. (*See* Ex. 4; Ex. 5; Ex. 6;[1] Ex. 7; Ex. 8; Ex. 9). On June 17, 2022, Plaintiff served rebuttal expert witness disclosures and reports for Michael Baden and Alon Steinberg. (*See* Ex. 10; Ex. 11; Ex. 12).

3. Rebuttal expert reports are proper if they contradict or rebut the subject matter of the affirmative expert report—not for presenting new arguments. *Leaks v. Target Corp.*, 2015 WL 4092450, at *3 (S.D. Ga. July 6, 2015). If the purpose of the expert testimony is to contradict an expected portion of the other party's case-in-chief, then the witness is not a rebuttal witness. *Id.* Rebuttal is limited to new, unforeseen facts brought out in the other side's case. *Id.*; *see also PODS Enters., Inc. v. U-Haul Int'l, Inc.*, 2014 WL 12628662, at *2 (M.D. Fla. July 2, 2014). Rebuttal testimony should not be allowed if it logically belongs in the case-in-chief and goes to the case's central issue of causation. *In re Trasylol Products Liability Litigation*, 2010 WL 4065435, at *2 (S.D. Fla. Aug. 6, 2010).

4. Although disclosed for the first time on rebuttal, Steinberg is not a rebuttal expert witness. Plaintiff could and should have disclosed Steinberg as an affirmative expert. Steinberg's extensive report (which is noticeably longer than Baden's principal and rebuttal reports (*compare* Ex. 3, Ex. 11, Ex. 12)), includes new arguments not previously presented by either of Plaintiff's other reporting experts. (*See, e.g.*, Ex. 12 at 13 ("Mr. Celestin's arrhythmia was due to acidosis uncompensated

---

[1] Certain images contained in Dr. Kroll's report were redacted for filing to comply with the Order (Doc. 64) entered December 8, 2021.

from decreased ventilation and decrease in circulation from prone restraint.")).  Also, Steinberg's opinions directly reach this case's central issue of cause of Mr. Celestin's death (*see, e.g.*, Ex. 12 at 5) and address an expected and important portion of Defendants' cases-in-chief—that the officers did not cause or contribute to Mr. Celestin's death.  Prior to any expert disclosures for this case, Steinberg published on the same subject matter.  (*See, e.g.*, Ex. 13 at 1-10).

5.  Unaddressed, Plaintiff's disclosure of Steinberg as a supposed rebuttal expert witness will undermine the expert disclosure sequence established in the CMSO and unfairly prejudice Defendants.

WHEREFORE, Defendants respectfully request that the Court enter an order striking Steinberg's report, or in the alternative, granting Defendants leave to serve surrebuttal expert reports and an extension of time through August 15, 2022 for Steinberg's deposition and for any other relief the Court deems appropriate.

## Local Rule 3.01(g) Certification

Pursuant to Local Rule 3.01(g) and the Order on Discovery Motions (Doc. 6), counsel for Windermere and Hebel has conferred with all other parties regarding the relief requested in this motion.  The City of Ocoee, Bode, Bonner, Chiuchiarelli, and Harris join this motion.  Counsel for Windermere and Hebel conferred via telephone with counsel for Plaintiff, who does not agree on resolution of any part of this motion.  Respectfully submitted,

*/s/ Frank Mari*
Frank M. Mari
Florida Bar No. 93243

Roper, P.A.
2707 E. Jefferson Street
Orlando, FL  32803
Telephone: (407) 897-5150
Facsimile: (407) 897-3332
Primary email:  fmari@roperpa.com
Secondary email:  ihaines@roperpa.com
Attorney for Defendants Town of Windermere and Officer Griffin Hebel

*/s/ Gail C. Bradford*
Gail C. Bradford
Florida Bar No. 295980
Dean, Ringers, Morgan & Lawton, P.A.
201 E Pine St
Ste 1200
PO Box 2928
Orlando, FL 32802-2928
(407) 422-4310
gbradford@drml-law.com
Attorney for City of Ocoee
(signed by filing attorney with permission of Gail Bradford)

*/s/ Benjamin L. Bedard*
Benjamin L. Bedard
Florida Bar No. 983772
Roberts, Reynolds, Bedard & Tuzzio, P.A.
470 Columbia Dr, Ste 101C
West Palm Beach, FL 33409
(561) 688-6560
(561) 688-2343 (fax)
bbedard@rrbpa.com
skaufer@rrbpa.com
Attorneys for Officer Brian Harris, Officer Christopher Bonner, Officer Dominic Chiuchiarelli, and Officer Joshua Bode
(signed by filing attorney with permission of Benjamin L. Bedard)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 23, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

*/s/ Frank Mari*
Attorney for Defendants Town of Windermere and Officer Griffin Hebel