# MICHAEL M. BADEN, M.D.

15 West 53rd Street, Suite 18
New York, New York 10019

Telephone: (212) 397-2732

Facsimile: (212) 397-2754
E-mail: MBaden@mac.com

16 June 2022

*Via e-mail to ajondahl@ecbawm.com*

Andrew Jondahl, Esq.
Emery Celli Brinckerhoff Abady Ward & Maazel
600 Fifth Avenue, 10th Floor
New York, New York 10020

*Re:    Jean Samuel Celestin, deceased*

Dear Mr. Jondahl:

I have reviewed the May 20, 2022, forensic pathology report of Dr. John C. Hunsaker, III that you sent to me relative to the death of John Samuel Celestin, and certain materials cited therein, as discussed below.  This report is provided in rebuttal to Dr. Hunsaker's May 20, 2022, report.  I incorporate herein by reference my *curriculum vitae* and a short biography, the list of cases in which I have testified as an expert at trial or by deposition from 2017 to 2022  and my fee schedule, all of which were submitted with my April 14, 2022, report.

Dr. Hunsaker concludes that "In summary, on the basis of all information (historical, pathological, laboratory) developed in this investigation, I agree with the medical examiner, Dr. Giles, that the proximate cause of death is properly formulated descriptively, namely 'Sudden cardiorespiratory arrest during subdual and restraint.'" Dr. Hunsaker does not include Dr. Giles' manner of death which is "Homicide." I agree that Mr. Celestin's death was directly and rapidly caused by the manner in which he was restrained by police officers and that if he had not been restrained in the way that he was, he would not have died.

However, Dr. Hunsaker also states that "In my opinion the cause of death is not positional or mechanical asphyxia. The anatomical evidence is lacking in this case that the various pressures and forces applied by law enforcement officials were sufficient to cause suffocation or mechanical asphyxia. In cases of asphyxia such as mechanical (positional) and suffocation, the lungs are usually edematous and heavy and petechiae are present on the eyes, skin and face, and lining of the mouth. None were present at autopsy." He ignores the statements by the four officers involved in the restraint that they were all on top of Mr. Celestin, that they placed their

weights on his back and extremities with his face in the ground trying to handcuff him, and that they saw that he had stopped breathing and that his heart had stopped beating immediately after the hobble was placed.

Dr. Hunsaker lists Dr. Werner Spitz' textbook[1] as a reference for his opinions. However, Dr. Spitz writes that injuries in deaths by "mechanical asphyxia restraint are non-specific" and show "rare petechiae." Dr. Spitz also states that the unifying factor in indivduals who have died in police custody was that "all were subdued by manual pressure of one or more people holding them down, pinning them to the ground, by loading, that is, exerting pressure on their backs, shoulders or arms ... oxygen delivery decreased due to postural compromise of ventilation and respiration." Dr. Spitz further says that "Immobilization of the chest, even if only partially reducing the ability to maintain vital functions, culminates in cardiac arrhythmias."

That has also been my 50 years' experience in investigating chest compression deaths that occur in work-related accidents and in homicidal struggles. Compression of the chest sufficient to impair breathing and cardiac activity usually leaves no marks on the body that can be found at autopsy. Petechiae and heavy lungs may or may not be present depending on how

vigorously CPR is applied.    (There were no petechial hemorrhages found in George Floyd's autopsy.)

Dr. Vincent DiMaio, who is also referred to by Dr. Hunsaker in his references, wrote in his textbook[2] that "visible injuries were virtually non-existent" in decedents whose chests were sat on with obstruction to the nose and mouth that interfered with breathing.    In addition, three officers improperly discharged their Tasers during the physical restraint.    Dr. Hunsaker does list two articles in his references[3,4] concluded that taser discharges can capture the cardiac rhythm and cause death.

Dr. Hunsaker also claims that Mr. Celestin's death could have been caused by an excited delirium "catecholamine (adrenaline) surge and overload" while he was being restrained which is entirely speculative and without scientific basis since such an increase in catecholamines has not been found in such deaths.  He also claims that Vilke and Chan's research had demonstrated that prone back pressure during police encounters could not cause respiratory or cardiac death even though the authors have recognized that their studies were limited to healthy young men in a medical laboratory and did not attempt to duplicate what happens in actual police encounters.

Dr. Hunsaker states that prone positioning can sometimes improve breathing but fails to add that that can only occur if no pressure is placed on the prone back.

Dr. Hunsaker agrees with the medical examiner's conclusion that Mr. Celestin died while being subdued and restrained:  while he was being tackled to the ground and struggling with four officers, tased multiple times, with pressure placed on his prone back and a hobble applied.  However, he claims that the prone back pressure and improper tasing were not sufficient to cause death, and that it was excited delirium, obesity and mental illness that could have caused Mr. Celestin's death.  I disagree.

References:

1.	Spitz and Fisher's Medicolegal Investigation of Death, 5th Edition, edited by Werner U. Spitz and Francisco J. Diaz (contributor Michael M. Baden), 2020.

2.	V.J. DiMaio and D. DiMaio, Forensic Pathology, 2nd Edition, 2001.

3.	Zipes, D.P., "*Sudden cardiac arrest and death following application of shocks from taser electronic control device*," Circulation, 2012:125:2417-2422.

4. Zipes, D.P., "*Taser electronic control devices can cause cardiac arrest in humans,*" circulation, 2014:129:101-111.

Very truly yours,

Michael M. Baden, M.D.
Former Chief Medical Examiner,
  New York City
Former Chief Forensic Pathologist,
  New York State Police

MMB:ph