UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ROSE MARIE CELESTIN,**

      **Plaintiff,**

v.                            Case No: 6:21-cv-896-RBD-EJK

**CITY OF OCOEE, JOSHUA BODE,
CHRISTOPHER BONNER,
DOMINIC CHIUCHIARELLI,
BRIAN HARRIS, TOWN OF
WINDERMERE, and GRIFFIN
HEBEL,**

      **Defendants.**

## ORDER

This cause comes before the Court on the Defendants' Motion to Strike, or in the Alternative, for Leave to Serve Surrebuttal Expert Reports and Extension of Time to Take Alon Steinberg's Deposition (the "Motion"), filed June 23, 2022. (Doc. 81.) On June 28, 2022, Plaintiff filed a response in opposition. (Doc. 82.) Upon consideration, the Motion is due to be denied.

Defendants state that the report of Alon Steinberg is not properly a rebuttal expert witness report, arguing that the report is "noticeably longer than [another] principal and rebuttal reports," "includes new arguments not previously presented by either of Plaintiff's other reporting experts," reaches the case's "central issue of cause of Mr. Celestin's death," and addresses "an expected and important portion of Defendants' cases-in-chief." (Doc. 81 ¶ 4.) In response, Plaintiff argues the Steinberg

rebuttal report "is proper because it is on the same subject matter as the reports of Defendants' experts and meticulously contradicts their opinions." (Doc. 82 at 2.) Plaintiff notes the report is "organized by each expert opinion he rebuts and mentions Defendants' experts a combined 73 times." (*Id.*)

Federal Rule of Civil Procedure 26 provides that rebuttal experts may be permitted to present evidence that contradicts or rebuts evidence on the same subject matter identified by an initial expert witness. Fed. R. Civ. P. 26(a)(2)(D)(ii). Neither the Rules nor the Eleventh Circuit have defined or explained the term "same subject matter"; however, courts in this circuit as well as other courts that have addressed the term have construed it broadly. *See Burger King Corp. v. Berry*, No. 18-20435-CIV, 2019 WL 571483, at *2 (S.D. Fla. Jan. 8, 2019) ("The term 'same subject matter' has been broadly construed"); *Northrup v. Werner Enter., Inc.*, No. 8:14-cv-1627-T-27JSS, 2015 WL 4756947, at *2 (M.D. Fla. Aug. 11, 2015) (same); *Armstrong v. I–Behavior Inc.*, No. 11-cv-03340-WJM-BNB, 2013 WL 2419794, at *4 (D. Colo. June 3, 2013) (declining to confine the term in an overly restrictive manner); *1550 Brickell Assocs. v. QBE Ins. Corp.*, No. 07-22283-CIV, 2010 WL 1947636, at *2 (S.D. Fla. May 13, 2010) (agreeing with the concept that the term should not be so narrowly construed as to impose additional restrictions on the parties).

The Court notes that the "Federal Rules do not require parties or their expert witnesses to anticipate all foreseeable opposing arguments and meet those arguments in their initial reports. . . . All that is required is for the information to repel other expert testimony." *O'Malley v. Royal Caribbean Cruises, Ltd.*, No. 17-CIV-21225, 2018 WL

11350570, at *2 (S.D. Fla. May 24, 2018) (citations and quotations omitted). Moreover, courts are "empowered to exercise their discretion and judgment in determining if a rebuttal expert report addresses the same subject matter as the opposing party's initial expert report." *Lebron v. Royal Caribbean Cruises, Ltd.*, No. 16-24687-CIV, 2018 WL 3583002, at *2 (S.D. Fla. July 26, 2018) (quoting *ITT Corp. v. Xylem Grp., LLC*, No. 1:11-CV-3669-WSD, 2012 WL 12871632, at *3 (N.D. Ga. Oct. 15, 2012)).

Upon consideration of Defendants' arguments and a review of the rebuttal report submitted by Alon Steinberg, the undersigned does not find the report goes beyond the parameters of Rule 26. First, Defendant highlights that the Steinberg report is "extensive" and "noticeably longer than Baden's principal and rebuttal reports," yet points to no authority that states that length is an indication that a rebuttal report is non-compliant. (Doc. 81 ¶ 4.) Moreover, upon review of the Steinberg report, the substantive portion of the report only constitutes 14 pages, with three of those pages copying verbatim Defendants' expert Gary Vilke's summary of events. (Doc. 81-12 at 1–14.) As to Defendants' second argument that the Steinberg report includes new arguments not previously presented by either of Plaintiff's other reporting experts, the Court notes that the proper test under Rule 26 "is not whether a rebuttal report contains new information, but whether it is 'intended solely to contradict or rebut evidence on the same subject matter' of an opponent's expert report." *O'Malley*, 2018 WL 11350570 at *2 (citations omitted). While Defendants cite Steinberg's statement that "Mr. Celestin's arrhythmia was due to acidosis uncompensated from decreased

ventilation and decrease in circulation from prone restraint," this statement serves to rebut Defendants' expert Vilke's opinion regarding the size of Plaintiff's heart. (*See* Docs. 81-8 at 18; 81-12 at 12–13.)

Finally, Defendants contend that "Steinberg's opinions directly reach this case's central issue of cause of Mr. Celestin's death . . . and address an expected and important portion of Defendants' cases-in-chief—that the officers did not cause or contribute to Mr. Celestin's death." (Doc. 81 ¶ 4.) Although unclear from the Motion, the undersigned assumes this is offered as another reason to strike Steinberg's report. However, while "it is certainly true that experts may not testify to legal conclusions . . . it is equally true that 'testimony . . . is not objectionable merely because it embraces an ultimate issue to be decided by the trier of fact.'" *O'Malley*, 2018 WL 11350570 at *3 (quoting *United States v. Johnston*, 322 F. App'x 660, 667 (11th Cir. 2009)). As Plaintiff notes, the Steinberg report "mentions Defendants' experts a combined 73 times," and is even "organized by each expert opinion he rebuts." (Doc. 82 at 2.) The undersigned finds that the Steinberg report is a bona fide rebuttal report that should be admitted.

Accordingly, it is hereby **ORDERED** that Defendants' Motion to Strike (Doc. 81) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on July 25, 2022.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE